UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANITA CARVER, et al., | |
| Plaintiffs | CIVIL ACTION NO. 3:24-CV-00771 |
| v. | (MEHALCHICK, J.) |
| JEREMY TALANCA, et al., | |
| Defendants. | |

**MEMORANDUM**

Plaintiffs Anita and Richard Carver (collectively, "Plaintiffs") initiated this action against Defendants Former Police Officer Jeremy Talanca ("Officer Talanca"), Police Officer Brandon Gonzalez ("Officer Gonzalez") (collectively with Officer Talanca, "Police Defendants"), and Former Mayor Judith L. Mehlbaum ("Mayor Mehlbaum") (collectively, "Defendants") pursuant to 42 U.S.C. § 1983 on May 7, 2024. (Doc. 1). Defendants filed the instant motion to dismiss on July 8, 2024. (Doc. 7). For the following reasons, the motion will be **GRANTED**. (Doc. 7).

I.  **BACKGROUND AND PROCEDURAL HISTORY**

The following factual summary is taken from the complaint. (Doc. 1). Plaintiffs allege that "[a]ll times relevant hereto Plaintiff Anita Carver and Plaintiff Richard Carver were having a disagreement with the Mayor of the Borough of Girardville, Judith Mehlbaum." (Doc. 1, ¶ 13). Plaintiffs believe that pursuant to a direct order by Mayor Mehlbaum, on May 8, 2022, Police Defendants unlawfully entered their home. (Doc. 1, ¶¶ 11, 13-14). Police Defendants purportedly based their entry on a report of "loud music" on the premises. (Doc. 1, ¶ 11). However, according to Plaintiffs, not only was there no loud music, but Police

Defendants "had pulled their guns when they entered into the premises[.]" (Doc. 1, ¶ 11). As a result of this entry into their home, Plaintiffs assert they suffered a deprivation of their rights guaranteed under the Fourth Amendment. (Doc. 1, ¶ 17).

Plaintiffs filed their complaint on May 7, 2024. (Doc. 1). Defendants filed their motion to dismiss on July 8, 2024, and a brief in support of their motion on July 22, 2024. (Doc. 7; Doc. 8). On September 19, 2024, Plaintiffs filed a brief in opposition. (Doc. 12). Defendants filed a reply brief on October 3, 2024. (Doc. 13). Accordingly, the motion has been fully briefed and is ripe for discussion.

## II.   LEGAL STANDARD

### A.   MOTION TO DISMISS

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions that are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements that make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not

entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions'. . . " *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Nor need a court assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted).

3

The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

    B.    42 U.S.C. SECTION 1983

Section 1983 is the vehicle by which private citizens may seek redress for violations of federal constitutional rights committed by state officials. *See* 42 U.S.C. § 1983. The statute states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

"Section 1983 is not a source of substantive rights," but is merely a means through which "to vindicate violations of federal law committed by state actors." *See Pappas v. City of Lebanon*, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) (quoting *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002)). To state a cause of action under Section 1983, a plaintiff must allege that: (1) the conduct complained of was committed by persons acting under color of state law; and (2) the conduct violated a right, privilege, or immunity secured by the Constitution or laws of the United States. *See Harvey v. Plains Twp. Police Dep't*, 421 F.3d 185, 189 (3d Cir. 2005) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).

### III. DISCUSSION

Defendants cite several bases for the dismissal of Plaintiffs' complaint. (Doc. 8). According to Defendants, Plaintiffs have failed to sufficiently plead their Fourth Amendment

4

and intentional infliction of emotional distress claims, punitive damages are unavailable in this case, Plaintiffs have failed to plead the personal involvement of Mayor Mehlbaum, and Defendants are entitled to immunity for the claims asserted against them. (Doc. 8, at 2). Plaintiffs agree to the dismissal of their intentional infliction of emotional distress claim and their claims for punitive damages. (Doc. 12, at 5-6, 9). Accordingly, these claims will be **DISMISSED with prejudice**. Plaintiffs argue the rest of their claims are sufficient to survive dismissal. (Doc. 12, at 5-6). The Court will address each in turn.

    A. PLAINTIFFS' FOURTH AMENDMENT CLAIMS

Defendants argue that Plaintiffs' Fourth Amendment claims must be dismissed because "Plaintiffs offer virtually no specific circumstances of the Police Defendants' entry; only that they entered and that Plaintiffs' legal opinion was that their entry was unlawful." (Doc. 8, at 11). Defendants in their reply brief further argue that the allegations in the complaint support Police Defendants had probable cause to enter into Plaintiffs' home. (Doc. 13, 3-8). In response, Plaintiffs respond that they "essentially are going to stand on their Complaint." (Doc. 12, at 6). Plaintiffs elaborate that their complaint "clearly alleges a violation of excessive force by the two Defendant officers and also clearly alleges a supervisory liability of Mayor Mehlbaum."[1] (Doc. 12, at 6).

---

[1] In support of their arguments, Plaintiffs cite to a law review article titled *Non-Contact Excessive Force by Police: Is That Really a Thing?* and two Third Circuit cases, one reviewing a trial court's denial of a motion for judgment notwithstanding the verdict and another reviewing the district court's decision on a motion for summary judgment. *See Black v.*

5

A review of the complaint reveals that Plaintiffs have not sufficiently stated a claim under the Fourth Amendment. (Doc. 1). The Fourth Amendment protects citizens from unreasonable searches and seizures. U.S. CONST. AMEND. IV. "The Fourth Amendment is not, of course, a guarantee against all searches and seizures, but only against unreasonable searches and seizures." *United States v. Sharpe*, 470 U.S. 675, 682 (1985); *see also Dixon v. Williams*, No. 4:13-CV-2762, 2015 WL 5695923, at *5 (M.D. Pa. Sept. 28, 2015). Excessive force, as is alleged here, constitutes a seizure under the Fourth Amendment. *See Boston v. New Brunswick Police Dep't*, No. CIV.A. 04-5921 (WHW), 2005 WL 1661582, at *2 (D.N.J. July 15, 2005). "To state a claim for excessive force as an unreasonable seizure under the Fourth Amendment, a plaintiff must show that a 'seizure' occurred and that it was unreasonable." *Brower v. County of Inyo*, 489 U.S. 593, 599 (1989). "[A]ll claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard." *Graham v. Connor*, 490 U.S. 386, 395 (1989). Excessive force may take the form of a physical action or a show of authority that has "in some way restrained the liberty of a citizen." *New Brunswick Police Dep't*, 2005 WL 1661582, at *2 (quoting *Terry v. Ohio*, 392 U.S. 1, 19 n. 16 (1968).

---

*Stephens*, 662 F.2d 181, 184-85 (3d Cir. 1981); *see also Baker v. Monroe Township*, 50 F.3d 1186, 1195 (3d Cir. 1995). Plaintiffs' counsel does not explain the Third Circuit's findings in either case, providing only "[t]h[e]se two cases clearly show that the officers violated Plaintiffs' Fourth Amendment right by using excessive force." (Doc. 12, at 7).

6

The complaint provides that Police Defendants unlawfully entered Plaintiffs' home with guns drawn because of a noise complaint. (Doc. 1, ¶¶ 10-14). Plaintiffs, without providing any supporting facts, allege that the noise complaint was fabricated and used as a cover by Police Defendants for a direct order from Mayor Mehlbaum that they enter Plaintiffs home. (Doc. 1, ¶¶ 10-14). According to Plaintiffs Mayor Mehlbaum wanted Police Defendants to enter Plaintiffs' home due to a "disagreement" she was having with them. (Doc. 1, ¶¶ 12-14). Neither the disagreement nor whether Police Defendants knew of the disagreement is further explained in the complaint. (Doc. 1).

Without more, these allegations are insufficient to establish a Fourth Amendment violation. The presumption of truth that attaches to the pleadings at the motion to dismiss stage only attaches to the allegations "for which there is sufficient factual matter to render them plausible on their face." *Schuchardt*, 839 F.3d at 347. Here, there are insufficient facts to support Plaintiffs' bold assertions. Plaintiffs continuously refer to Police Defendants' entry into their home as unlawful, however, do not detail the circumstances of the entry aside from claiming it was based on a phony noise complaint.[2] (Doc. 1, ¶¶ 10-14). Plaintiffs fail to allege

---

[2] The Court understands Plaintiffs allege that there was never a real noise complaint and Police Defendants acted simply under the order of Mayor Mehlbaum. However, the existence of a noise complaint would support that Police Defendants had probable cause to question Plaintiffs, an argument that forms a large basis of Defendants' reply brief. (Doc. 1, ¶¶ 10-14; Doc. 13, at 11-12); *see Dessources v. Manning*, No. CV1809324SDWESK, 2021 WL 3879094 (D.N.J. Aug. 31, 2021) (citing a noise complaint as a basis for probable cause for an

7

the absence of a warrant, the absence of consent, or the details of the events that led to Police Defendants drawing their guns. (Doc. 1, ¶ 11). Furthermore, the complaint fails to describe any unlawful search or seizure of property, or state with specificity the Fourth Amendment claim alleged against Police Defendants. (Doc. 1). Overall, the complaint provides minimal factual basis on which this Court can conclude Plaintiffs' claims are "plausible on their face." *Schuchardt*, 839 F.3d at 347. Without factual allegations suggesting so, this Court cannot conclude that Police Defendants acted unreasonably. *See Thomas v. Cuzzupe*, No. 18CV12176NLHJS, 2018 WL 6322619, at *2 (D.N.J. Dec. 4, 2018) (dismissing a Fourth Amendment claim where plaintiff failed to allege factual allegations supporting officers' actions were unreasonable). Accordingly, Plaintiffs' Fourth Amendment claim against Police Defendants must be **DISMISSED without prejudice** with the expectation that Plaintiffs will file a more detailed complaint that clearly describes the events which have led to their filing of this lawsuit. (Doc. 1, at 6-7).

To the extent that Plaintiffs attempt to assert supervisory liability claim against Mayor Mehlbaum. Defendants argue:

> Plaintiffs have failed to show that a policy or custom of the Borough of Girardville (as promulgated by Mayor Mehlbaum) caused any harm to Plaintiffs. Indeed, Plaintiffs assert only the blank conclusion of law that Mayor Mehlbaum was a policymaker. There is no indication as to whether Mayor Mehlbaum had final authority to promulgate policy, nor what, if any, policies existed or what, if any, causal nexus arose with Plaintiffs' claimed injuries, necessary to support an official capacity claim.

---

alleged Fourth Amendment violation). Because probable cause is better analyzed after fact discovery, this Court will not further opine on this issue.

(Doc. 8, at 14).

Plaintiffs respond that "Defendants were acting out of the direction, training and supervision of Mayor Mehlbaum," due to her "ill will" towards Plaintiffs. (Doc. 12, at 7).

Here, again, the complaint is deficient. The complaint contains no factual averments supporting Plaintiffs' assertion that the Police Defendants' entry into Plaintiffs' home was effectuated by Mayor Mehlbaum, or that Mayor Mehlbaum maintains an unlawful policy or custom that caused Plaintiffs' harm. To the extent that Plaintiffs have sued Mayor Mehlbaum in her official capacity, their claims are deemed to be against the municipality.[3] *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). While municipalities and other local governments are considered "persons" for purposes of Section 1983 liability, they cannot be held responsible for every constitutional tort inflicted by their employees. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978); *Connick v. Thompson*, 563 U.S. 51, 60 (2011). Municipalities are responsible only for "their *own* illegal acts" and are not subject to *respondeat superior* liability. *Connick*, 563 U.S. at 62 (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986)). To bring a Section 1983 claim against a municipality, or what is known as a *Monell* claim, the plaintiff must show that "the alleged constitutional transgression implements or executes a policy,

---

[3] In response to Defendants' briefing, Plaintiffs do not dispute that their complaint fails to establish Mayor Mehlbaum's personal involvement. Thus, this Court correctly dismisses Plaintiffs' Fourth Amendment claim against Mayor Mehlbaum in her individual capacity. *See Jones v. Wetzel*, No. CV 17-5121, 2018 WL 1322045, at *1 (E.D. Pa. Mar. 14, 2018) (finding plaintiff must allege personal involvement to establish Section 1983 claims against Defendants).

9

regulation[,] or decision officially adopted by the governing body or informally adopted by custom." *Mulholland v. Gov't Cty. of Berks*, 706 F.3d 227, 237 (3d Cir. 2013) (citation omitted). In other words, a plaintiff can establish Section 1983 municipal liability in two ways: policy or custom. *Watson v. Abington Township*, 478 F.3d 144, 155 (3d Cir. 2007). The Third Circuit has explained that to prove liability, the plaintiff must establish that the municipal policy or custom was itself unconstitutional or was the "moving force" behind the constitutional deprivation. *Thomas v. Cumberland Cnty.*, 749 F.3d 217, 222 (3d Cir. 2014) (citation omitted). Thus, to prevail on a *Monell* claim, a plaintiff must identify the challenged policy or custom, demonstrate proper attribution to the public entity, and show a causal link between the execution of the policy or custom and the injury suffered. *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003). Here, Plaintiffs have failed to allege a policy or custom maintained by Mayor Mehlbaum that infringed upon their rights. Thus, their Fourth Amendment claim against Mayor Mehlbaum must be **DISMISSED without prejudice**. (Doc. 1, at 6-7); *see Wood v. Williams*, 568 F. App'x 100 (3d Cir. 2014) (affirming the dismissal of a *Monell* claim where plaintiff failed to plead an unlawful policy or custom). Again, this Court anticipates the complaint will be amended to reflect the requirements of this claim.

    B.  D<small>EFENDANTS'</small> Q<small>UALIFIED</small> I<small>MMUNITY</small> C<small>LAIM</small>

The parties dispute whether Defendants are entitled to qualified immunity for the claims brought against them. (Doc. 8, at 26; Doc. 12, at 9). Defendants argue that Plaintiffs have failed to allege facts sufficient to overcome a finding of qualified immunity for Police Defendants. (Doc. 8, at 27). The entirety of Plaintiffs' qualified immunity argument is as

follows: "[t]his was a clear violation of Plaintiffs clearly established constitutional rights and therefore qualified immunity does not apply." (Doc. 12, at 9).

Because this Court will extend Plaintiffs leave to amend their complaint to include additional factual averments in support of their claims, including their claim that Police Defendants violated a clearly established right, the Court will reserve discussion of qualified immunity for later in this litigation. Thus, the Court will not further opine on Defendants' qualified immunity claim at this juncture.

## IV.   LEAVE TO AMEND

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (2002). Further, "[a] district court has 'substantial leeway in deciding whether to grant leave to amend.'" *In re Avandia Mktg., Sales Practices & Products Liab. Litig.*, 564 F. App'x 672, 673 (3d Cir. 2014) (not precedential) (quoting *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000)). Here, the Court will dismiss Plaintiffs' Fourth Amendment claims without prejudice. Accordingly, a curative amendment would be neither futile nor inequitable. Plaintiffs will thus be granted leave to file an amended complaint to cure the deficiencies detailed in this Memorandum as they relate to this claim.

## V.   CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is **GRANTED** and Plaintiffs' complaint is to be **DIMISSED.** (Doc. 1; Doc. 7). Plaintiffs' claims for punitive damages and state law claims against Defendants are **DISMISSED with prejudice**. Plaintiffs'

11

Fourth Amendment claims are **DISMISSED without prejudice**. To the extent that Plaintiffs' claims have been dismissed without prejudice, Plaintiffs are granted leave to file an amended complaint within 21 days from the date of this filing, on or before **February 3, 2025.**

An appropriate Order follows.

BY THE COURT:

*s/Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**